**UNITED STATES of America, Appellee**

v.

**Walton DAWSON, Appellant.**

**No. 04–3128.**

United States Court of Appeals, District of Columbia Circuit.

June 6, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and TATEL and GARLAND, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Walton Dawson appeals his conviction for possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). He contends the district court abused its discretion by refusing to admit proposed expert testimony in support of his "alcohol blackout" defense. We reject Dawson's challenge because he failed adequately to proffer the nature of the expert testimony.

Officers of the Metropolitan Police found Dawson, a convicted felon, lying unconscious near a bus stop. During the preceding 16 hours Dawson had been drinking alcoholic beverages at home and at a dance club in the vicinity of the bus stop. The police roused Dawson and, as he attempted to stand, a bag containing five .38 caliber bullets fell from his pants pocket. The Government charged him, among other things, with possession of ammunition by a felon, in violation of § 922(g)(1).

Prior to trial Dawson filed notice of his intention to introduce expert testimony on the nature of "alcohol blackouts" in support of his defense that he did not "knowingly" possess the ammunition, as required by the statute. In his notice of expert testimony, Dawson stated that the expert would "medically validate" his testimony that he had "suffered from an acute alcohol intoxication resulting in unconsciousness and short-term amnesia (temporal blackout)."

The Government moved to exclude the proposed testimony. At a subsequent hearing before the district court, counsel for Dawson said:

> My proffer with regard to [the expert's] testimony would be to buttress my client's testimony that he did not know where the gun came from because he was in the blackout during the period of time from when he left the club to the time when he was awakened by [the police]. There was a period of time where he doesn't know what happened.... [H]e just has no memory of what happened after he left the club.

Adverting to the common law presumption that voluntary intoxication is not a defense to a general intent crime, the district court stated that even if Dawson had experienced an "alcohol blackout," the law does not recognize an exception for amnesia induced by ordinary intoxication or for any other condition induced by a still higher degree of intoxication. In the district court's view, counsel for Dawson was merely "drawing a distinction as to how drunk he was," and the court therefore granted the Government's motion.

On appeal Dawson explains "the person in [a] blackout walks, talks, and may appear to be functioning normally but does not know what he is doing at the time and will never have any memory of it." In other words, Dawson uses the term "blackout" not in its usual sense, but to mean "a special and specific type of brain dysfunction." In support of his argument that the district court erred in excluding the proposed testimony, he contends "the district court did not understand the distinction

between mere intoxication and an alcohol blackout as evidence to negate § 922(g)(1)'s mental element."

We agree the distinction Dawson was trying to draw was not clear to the district court, but only because Dawson failed to proffer an adequate description of the scientific difference between the rare medical condition Dawson describes on appeal and his trial counsel's vague reference to "unconsciousness and short-term amnesia," which, as the district court noted, are conditions consistent with ordinary voluntary intoxication. Because Dawson failed adequately to proffer the nature of the proposed expert testimony, we cannot say the district court abused its discretion in granting the Government's motion to exclude that testimony. *See United States v. Stewart*, 104 F.3d 1377, 1380 (D.C.Cir. 1997) ("In the absence of a proffer of what counsel expected to establish from the [expert] testimony ... we find no abuse of discretion by the district court in curtailing further cross examination on this subject"). For the same reason, we need not decide whether "alcohol blackout" is a defense to the crime charged here.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.